THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 30, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

Tina Enders,                                Case No. 15-21737-GMH

Debtor.                                     Chapter 13

**DECISION AND ORDER**

Credit Acceptance Corporation ("CAC") has a security interest in the debtor's 2008 Chrysler PT Cruiser (the "Vehicle"), which secures the debtor's car-loan repayment obligation. CAC filed an $8,457.05 secured claim. See Claim 1-1.

The debtor's proposed chapter 13 plan requires the chapter 13 trustee to pay CAC, Bank of America (which also holds a secured claim), and attorney's fees. CM-ECF Doc. No. 2. The plan does not state the monthly payment amount that CAC will receive; it instead simply directs the trustee to distribute available funds monthly to CAC "pro rata", presumably in the same proportion as CAC's claim relates to the total of all priority and secured claims, including attorney's fees and Bank of America's secured claim. *Id*.

CAC objected to confirmation of the plan on several grounds. CM-ECF Doc. No.

12. Before a hearing on the objection the parties resolved all issues but one: Does the plan's failure to direct the trustee to make equal monthly payments to CAC defeat confirmation?

Section 1325(a)(5) of title 11 provides confirmation requirements specific to a chapter 13 plan's treatment of secured claims. It allows for three acceptable avenues, which can be described generally as (A) any lawful treatment that is accepted by the creditor; (B) retention of the lien by the creditor until the plan pays the claim in the manner specified by §1325(a)(5)(B); or (C) surrender of the collateral to the creditor. 11 U.S.C. §1325(a)(5)(A)–(C).

CAC has not accepted the plan, and the debtor has not surrendered the Vehicle. So, confirmation turns on whether the plan complies with §1325(a)(5)(B)'s payment requirements with respect to CAC's allowed secured claim.

Among other things, §1325(a)(5)(B) requires "payments . . . in equal monthly amounts":

> (5) with respect to each allowed secured claim provided for by the plan . . .
>
> (B) . . . (iii) if–
>
> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts[.]

§1325(a)(5)(B)(iii)(I).

CAC argues that the plan's monthly pro rata payments do not comply with the plain language of §1325(a)(5)(B)(iii)(I) because those payments will necessarily change over the life of the chapter 13 plan. The debtor does not dispute that the payments to CAC will vary in amount. Instead, the debtor argues that §1325(a)(5)(B)(iii)(I) doesn't demand that the secured creditor receive equal monthly payments. Relying on *In re Marks*, 394 B.R. 198, 205 (Bankr. N.D. Ill. 2008), she reads that section to require only that "if the

plan is to be funded by periodic payments, then those payments, to the trustee, shall be in equal monthly amounts." CM-ECF Doc. No. 17 at 4.

That reading can't be reconciled with the statute's text, which is where one must begin. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982) (alteration in original))).

Section 1325(a)(5)(B)(iii)(I) states, "if . . . *property to be distributed pursuant to this subsection* is in the form of periodic payments, *such payments* shall be in *equal monthly amounts*." §1325(a)(5)(B)(iii)(I) (emphasis added). The payments required to be in equal monthly amounts are "periodic payments" of "property to be distributed pursuant to this subsection". *Id*. "[P]roperty to be distributed pursuant to this subsection" cannot be understood to mean the debtor's payments to the trustee. *Id.* The subsection addresses the plan's treatment of allowed secured claims. The periodic payments can only mean payments provided for in the plan to pay creditors' secured claims.

In addition, subsection 1325(a)(5)(B)(ii), the provision preceding the equal-payment requirement, links the "property to be distributed" to payments on secured claims, stating, "with respect to each allowed secured claim provided for by the plan . . . the value, as of the effective date of the plan, of property to be *distributed* under the plan *on account of such claim* is not less than the allowed amount of such claim". §1325(a)(5)(B)(ii) (emphasis added). Subsection 1325(a)(5)(B)(iii)(I)'s "property to be distributed under this subsection" in equal monthly amounts is the same property that must be distributed under subsection (ii), and that property can only be property distributed to creditors with allowed secured claims provided for by the chapter 13 plan.

Subsection 1325(a)(5)(B)(iii)(II) also supports understanding "payments . . . in equal monthly amounts" to be payments to the secured creditors. That subsection, which applies to creditors whose claims are secured by personal property, provides that "such payments"—again, the same payments that subsection (iii)(I) requires be in equal amounts—"shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan". §1325(a)(5)(B)(iii)(II). Payments measured by whether they afford the secured creditor adequate protection can only sensibly be those payments made to the secured creditor. Thus, neither the payments in subsection (iii)(II) nor those in (iii)(I) can be understood to refer to the debtor's payments to the trustee. See *In re Willis*, 460 B.R. 784, 790–91 (Bankr. D. Kan. 2011).

The debtor further argues that construing §1325(a)(5)(B)(iii)(I) to require equal payments to secured creditors is inconsistent with §1326(b). Section 1326(b) directs the trustee to pay certain administrative expenses, including allowed attorney's fees, "[b]efore or at the time of each payment to creditors under the plan". The debtor reads §1326(b) to require that attorney's fees and similar administrative expenses be paid in full before, or concurrently with, secured claims and, quoting *Marks*, concludes that "'a plan would be unconfirmable where the debtor could not make payments covering both attorney's fees and the equal monthly payment [to the secured creditor] in the first month of the plan.'" CM-ECF, Doc. 17 at 5 (quoting *Marks*, 394 B.R. at 204). This result, contends the debtor, is so demonstrably at odds with the intentions of Bankruptcy Code drafters that one must embrace a non-standard understanding of §1325(a)(5)(B)(iii)(I).

That argument is unpersuasive. The debtor's perceived inconsistency depends on reading §1326(b) to require the trustee to pay attorney's fees in full before paying other claims. Section 1322(a)(2) makes clear, however, that attorney's fees and other "claims entitled to priority under section 507" may be made "in deferred cash payments". §1322(a)(2). Put in this context §1326(b)(1)'s requirement that attorney's fees

be paid "[b]efore or at the time of each payment to creditors under the plan" is better read to mean that "priority claims may be paid before other creditors are paid *or* at the same time." *Willis*, 460 B.R. at 791 (emphasis in original).

And even if the debtor's understanding of §1326(b)(1) were correct, there still would not be the kind of unavoidable bar to confirmation that might justify an atypical reading of §1325(a)(5)(B)(iii)(I)'s equal-monthly-payment provision. Reading §1326(b) to require full payment of administrative expenses at confirmation would simply require debtors desiring to pay secured claims through a plan either to pay administrative expenses in full out of pre-confirmation funds, obtain a secured creditor's agreement to different treatment, or surrender the collateral.

In short, §1325(a)(5)(B)(iii)(I) requires that a plan's periodic payments to secured creditors be in equal monthly amounts. The parties agree that the plan's proposed pro rata payments to CAC will not be in equal monthly amounts, CAC does not accept that treatment, and the plan does not provide for surrender of the collateral. As a result, the plan is inconsistent with §1325(a)(5), and it cannot be confirmed.

Accordingly, Credit Acceptance Corporation's objection to confirmation of the debtor's chapter 13 plan is SUSTAINED. The debtor is ordered to file an amended plan within 30 days of the date of this order.

#####